UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENDRIK BLOCK,<br><br>                Plaintiff,<br><br>        v.<br><br>SMART PLACE INC dba V-RED,<br><br>                Defendant. | Case No.  1:22-cv-01417-ADA-BAM<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>(Doc. 17) |

On May 1, 2023, Plaintiff Hendrik Block filed the instant motion seeking leave to file a first amended complaint.  (Doc. 17.)  Defendant Smart Place Inc. dba V-RED ("Defendant") filed a statement of non-opposition to Plaintiff's motion on May 12, 2023.  (Doc. 19.)

In the absence of opposition, the matter is submitted on the current record.  L. R. 230(g).  Having considered the unopposed motion and the record in this case, Plaintiff's motion for leave to file a first amended complaint will be GRANTED.

**DISCUSSION**

Plaintiff's motion for leave to amend was filed on May 1, 2023, consistent with the deadline for file stipulations or motions to amend under the Scheduling Order (Doc. 11). Plaintiff's motion is therefore considered under the Federal Rule of Civil Procedure 15 standard for amendment to the pleadings.  *See Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604 (9th Cir. 1992) (concluding that motion to amend filed after pretrial scheduling order deadline must

satisfy the requirements of Federal Rule of Civil Procedure 16).  Rule 15(a) provides that a court "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. —the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  The intent of the rule is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Chudacoff v. Univ. Med. Center of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011). Consequently, the "policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

Courts consider five factors in determining whether justice requires allowing amendment under Rule 15(a): "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citation omitted); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (citing *Western Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991)). These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor in determining whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) ("Prejudice to the opposing party is the most important factor.").  Absent prejudice, or a strong showing of any of the remaining factors, a presumption exists under Rule 15(a) in favor of granting leave to amend. *Eminence Capital,* 316 F.3d at 1052.

Defendant has filed a statement of non-opposition to the motion for leave to file a first amended complaint.  Having considered the moving papers as well as Defendant's non-opposition, the Court finds that there will be little prejudice to Defendant in permitting the amendment.  The Court additionally finds that Plaintiff has not unduly delayed in seeking to

amend the complaint, the amendment is not brought in bad faith, and there is no indication that such amendment is futile. Accordingly, leave to file a first amended complaint will be granted.

**CONCLUSION AND ORDER**

For the reasons discussed above, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 17) is GRANTED;

2. Within five (5) court days after issuance of this Order, Plaintiff shall file the First Amended Complaint, a copy of which was attached as Exhibit A to the motion; and

3. Defendant shall file an answer or other responsive pleading in compliance with the Federal Rules of Civil Procedure and any relevant Local Rules following electronic service of the First Amended Complaint.

IT IS SO ORDERED.

Dated: __May 20, 2023__                    /s/ *Barbara A. McAuliffe*
                                            UNITED STATES MAGISTRATE JUDGE